Charles H. Chevalier
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102

*Of Counsel*:
Paul A. Ainsworth (*pro hac vice forthcoming*)
Dennies Varughese, Pharm.D.
Deborah Sterling (*pro hac vice forthcoming*)
Josephine Kim (*pro hac vice forthcoming*)
**STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.**
1101 K Street, NW, 10th Floor
Washington, DC 20005

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ORGANON LLC, ORGANON INTERNATIONAL GMBH, and DERMAVANT SCIENCES GMBH,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATCO PHARMA LIMITED, NATCO PHARMA USA LLC, and NATCO PHARMA INC.,<br><br>*Defendants*. | No. 26-cv-11583<br><br>(*Filed Electronically*) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Organon LLC, Organon International GmbH (collectively, "Organon"), and Dermavant Sciences GmbH ("Dermavant") (together with Organon, "Plaintiffs"), by and through their undersigned attorneys, for their Complaint against Defendants Natco Pharma Ltd. ("Natco

Pharma"), Natco Pharma USA LLC ("Natco USA"), and Natco Pharma Inc. ("NPI") (collectively, "Natco" or "Defendants") allege as follows:

**NATURE OF THIS ACTION**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et seq*., arising from Natco's submission to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 221670 ("Natco's ANDA"), of which Natco Pharma is the holder, seeking approval to engage in the commercial manufacture, use, or sale of a generic version of Organon's VTAMA tapinarof cream, 1% drug product ("Natco's ANDA Product") prior to the expiration of one or more of United States Patent Nos. 10,195,160 (the "'160 patent"), 10,426,743 (the "'743 patent"), 10,647,649 (the "'649 patent"), 11,458,108 (the "'108 patent"), 11,590,088 (the "'088 patent"), 11,597,692 (the "'692 patent"), 11,612,573 (the "'573 patent"), 11,617,724 (the "'724 patent"), and 11,622,945 (the "'945 patent") (collectively, the "Patents-in-Suit").

**THE PARTIES**

2. Organon LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 30 Hudson Street, 33rd Floor, Jersey City, New Jersey 07302. Organon LLC is the holder of New Drug Application No. 215272 for VTAMA.

3. Organon International GmbH is a corporation organized and existing under the laws of Switzerland with its principal place of business at Weystrasse 20, 6006 Lucerne, Switzerland. Organon International GmbH is a global healthcare company focused on improving the health of women throughout their lives.

4. Dermavant Sciences GmbH is a corporation organized and existing under the laws of Switzerland with its principal place of business at Weystrasse 20, 6006 Lucerne,

Switzerland. Dermavant, an Organon company, is a biopharmaceutical company dedicated to developing and commercializing innovative therapeutics in immuno-dermatology.

5. On information and belief, Natco Pharma is a corporation organized and existing under the laws of India, having a principal place of business at Natco House, Road No. 2, Banjara Hills, Hyderabad, Telangana 500034, India. On information and belief, Natco Pharma is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs.

6. On information and belief, Natco USA is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 300 Interpace Parkway, Suite C100, Parsippany, New Jersey 07054. On information and belief, Natco USA is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs. On information and belief, Natco USA is a wholly owned subsidiary of Natco Pharma.

7. On information and belief, NPI is a corporation organized and existing under the laws of Delaware, having a principal place of business at 241 West Roseville Road, Lancaster, PA 17601. On information and belief, NPI is a company through which Natco Pharma manufactures and sells generic versions of branded pharmaceutical drugs.

**JURISDICTION AND VENUE**

8. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*., and jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

***PERSONAL JURISDICTION OVER NATCO PHARMA LTD.***

9. This Court has personal jurisdiction over Natco Pharma by virtue of, *inter alia,* the fact that Natco Pharma Ltd. has committed, aided, abetted, contributed to, and/or participated

in the commission of the tortious act of patent infringement that has led, or will lead, to foreseeable harm and injury to Plaintiffs, including in the State of New Jersey.

10. On information and belief, Natco Pharma is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District. On information and belief, this Judicial District will be a destination for the generic drug product described in Natco's ANDA. On information and belief, Natco Pharma also prepares and/or aids in the preparation and submission of ANDAs to the FDA.

11. This Court has personal jurisdiction over Natco Pharma because Natco Pharma has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contact with the State of New Jersey.

12. This Court has personal jurisdiction over Natco Pharma because, *inter alia,* Natco has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in New Jersey. These acts have led and will lead to foreseeable harm and injury to Plaintiffs in New Jersey. For example, on information and belief, following approval of Natco's ANDA, Natco Pharma will make, use, import, sell, and/or offer for sale Natco's ANDA Product in the United States, including in New Jersey, prior to the expiration of the Patents-in-Suit.

13. On information and belief, this Judicial District is a likely destination for Natco's ANDA Product described in Natco's ANDA.

14. On information and belief, Natco Pharma intends to benefit directly if Natco's ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of Natco's ANDA Product.

15. On information and belief, Natco Pharma will work to seek regulatory approval of Natco's ANDA, and will engage in manufacturing, marketing, sale, and distribution of generic pharmaceutical products, including Natco's ANDA Product, throughout the United States, including in this Judicial District, prior to the expiration of the Patents-in-Suit.

16. On information and belief, Natco Pharma has previously been sued in this Judicial District and has availed itself of New Jersey courts through the assertion of counterclaims in suits brought in New Jersey and has not challenged personal jurisdiction. *See, e.g., Gilead Sciences, Inc. v. Natco Pharma Ltd.*, 1:11-cv-01455-SDW (D.N.J.).

17. In the alternative, this Court has personal jurisdiction over Natco Pharma because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Natco Pharma is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Natco Pharma has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting an ANDA to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Natco Pharma satisfies due process.

## ***PERSONAL JURISDICTION OVER NATCO PHARMA USA LLC***

18. This Court has personal jurisdiction over Natco USA because Natco USA has its primary place of business in the State of New Jersey and Natco USA has committed an act of patent infringement in New Jersey.

19. This Court has personal jurisdiction over Natco USA by virtue of, *inter alia*, the fact that Natco USA has committed, aided, abetted, contributed to, and/or participated in the commission of the tortious act of patent infringement that has led, or will lead, to foreseeable

harm and injury to Plaintiffs, including in the State of New Jersey, and because Natco USA has engaged in purposeful systematic and continuous contacts with the State of New Jersey.

20. On information and belief, Natco USA is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District. On information and belief, Natco USA also prepares and/or aids in the preparation and submission of ANDAs to the FDA, including Natco's ANDA. On information and belief, this Judicial District will be a destination for the generic drug product described in Natco's ANDA.

21. This Court has personal jurisdiction over Natco USA because, *inter alia*, Natco USA has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in New Jersey. These acts have led and will lead to foreseeable harm and injury to Plaintiffs in New Jersey. For example, on information and belief, following approval of Natco's ANDA, Natco USA will make, use, import, sell, and/or offer for sale Natco's ANDA Product in the United States, including in New Jersey, prior to the expiration of the Patents-in-Suit.

22. On information and belief, Natco USA intends to benefit directly if Natco's ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of Natco's ANDA Product.

23. On information and belief, Natco USA will work to seek regulatory approval of Natco's ANDA, and will engage in manufacturing, marketing, sale, and distribution of generic pharmaceutical products, including Natco's ANDA Product, throughout the United States, including in this Judicial District, prior to the expiration of the Patents-in-Suit.

***PERSONAL JURISDICTION OVER NATCO PHARMA INC.***

24. This Court has personal jurisdiction over NPI because NPI has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contact with the State of New Jersey and committed patent infringement in this jurisdiction.

25. On information and belief, NPI is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District. On information and belief, NPI also prepares and/or aids in the preparation and submission of ANDAs to the FDA, including Natco's ANDA. On information and belief, this Judicial District will be a destination for the generic drug product described in Natco's ANDA.

26. This Court has personal jurisdiction over NPI because, *inter alia,* NPI has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in New Jersey. These acts have led and will lead to foreseeable harm and injury to Plaintiffs in New Jersey. For example, on information and belief, following approval of Natco's ANDA, NPI will make, use, import, sell, and/or offer for sale Natco's ANDA Product in the United States, including in New Jersey, prior to the expiration of the Patents-in-Suit.

27. On information and belief, NPI intends to benefit directly if Natco's ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of Natco's ANDA Product.

28. On information and belief, NPI will work to seek regulatory approval of Natco's ANDA, and will engage in manufacturing, marketing, sale, and distribution of generic

pharmaceutical products, including Natco's ANDA Product, throughout the United States, including in this Judicial District, prior to the expiration of the Patents-in-Suit.

29. On information and belief, NPI has previously been sued in this Judicial District and has appeared and litigated in this District without challenging personal jurisdiction. *See, e.g., Gilead Sciences, Inc. v. Natco Pharma Ltd.*, 1:11-cv-01455-SDW (D.N.J.).

## ***VENUE***

30. Venue is proper in this Court as to Natco Pharma under 28 U.S.C. § 1391 because Natco Pharma Ltd. is a foreign defendant and personal jurisdiction is proper in this Court.

31. Venue is proper in this Court as to Natco USA because Natco USA resides in this District.

32. Venue is proper in this District as to all three Defendants under 28 U.S.C. § 1400(b) at least because, on information and belief, Natco Pharma, Natco USA, and NPI have committed or will commit an act of infringement in this District and have a regular and established place of business in this District. Venue is proper as to Natco Pharma, Natco USA, and NPI because, on information and belief: (1) Natco Pharma, Natco USA, and NPI will aid in the approval of Natco's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product in the United States, including New Jersey; and (2) upon approval of Natco's ANDA, Natco Pharma, Natco USA, and NPI will act directly, or indirectly through subsidiaries, intermediaries, distributors, retailers, or others, to market, distribute, offer for sale, sell, and/or import Natco's ANDA Product in the United States, including New Jersey; and will derive substantial revenue from the use or consumption of Natco's ANDA Product in New Jersey.

## ORGANON'S VTAMA TAPINAROF CREAM DRUG PRODUCT

33. Organon holds New Drug Application ("NDA") No. 215272, which authorizes the marketing of tapinarof cream, 1%, under the trade name VTAMA. VTAMA received FDA approval on May 23, 2022, for the topical treatment of plaque psoriasis in adults. On December 12, 2024, the FDA approved VTAMA for the topical treatment of atopic dermatitis in adults and pediatric patients 2 years of age and older.

34. Plaque psoriasis is a chronic skin condition where a patient's immune system makes skin cells grow too fast, which leads to patches of raised, inflamed, and red skin with silvery scales. Psoriasis plaques can affect any area of skin, and the most common areas affected by psoriasis plaques include the knees and elbows, stomach, lower back, and scalp. Plaque psoriasis is one of the most common diseases affecting the immune system in the United States. In the United States, there are over 7.5 million adults 20 years or older who have plaque psoriasis.

35. The active ingredient in VTAMA is tapinarof, which is also known as 3,5-dihydroxy-4-isopropyl-trans-stilbene. Tapinarof is an aryl hydrocarbon receptor ("AhR") agonist which decreases proinflammatory cytokines and increases expression of genes that encode skin barrier proteins, such as filaggrin, and genes that are involved in lipid production, such as ceramides.

36. Initial drug development work on tapinarof began in the 1990s at a small biotech firm called Welichem Biotech, Inc. In 2012, GlaxoSmithKline acquired the rights to tapinarof for certain markets, including the United States, and continued efforts to develop a commercial form of tapinarof. In 2018, GlaxoSmithKline sold its rights to Dermavant which continued development efforts that ultimately led to the first U.S. marketing approval for a tapinarof

product in 2022, which Dermavant marketed under the trade name VTAMA. In 2024, Organon acquired Dermavant and its rights in the VTAMA product.

37. The VTAMA development work led to numerous inventions relating to novel crystalline forms of tapinarof, novel manufacturing processes that result in highly pure forms of tapinarof, novel formulations of tapinarof that result in improved drug delivery, and novel methods of treating disease with tapinarof.

**PATENTS-IN-SUIT**

38. Dermavant Sciences GmbH is the owner of United States Patent No. 10,195,160, which was duly and legally issued on February 5, 2019, and is titled "Topical pharmaceutical compositions[.]" Each and every claim of the '160 patent is valid and enforceable. A copy of the '160 patent is attached as Exhibit 1.

39. Dermavant Sciences GmbH is the owner of United States Patent No. 10,426,743, which was duly and legally issued on October 1, 2019, and is titled "Topical pharmaceutical compositions[.]" Each and every claim of the '743 patent is valid and enforceable. A copy of the '743 patent is attached as Exhibit 2.

40. Dermavant Sciences GmbH is the owner of United States Patent No. 10,647,649, which was duly and legally issued on May 12, 2020, and is titled "Process for preparing tapinarof[.]" Each and every claim of the '649 patent is valid and enforceable. A copy of the '649 patent is attached as Exhibit 3.

41. Dermavant Sciences GmbH is the owner of United States Patent No. 11,458,108, which was duly and legally issued on October 4, 2022, and is titled "Topical pharmaceutical compositions[.]" Each and every claim of the '108 patent is valid and enforceable. A copy of the '108 patent is attached as Exhibit 4.

42. Dermavant Sciences GmbH is the owner of United States Patent No. 11,590,088, which was duly and legally issued on February 28, 2023, and is titled "Use of tapinarof for the treatment of chronic plaque psoriasis[.]" A copy of the '088 patent is attached as Exhibit 5. On January 28, 2025, Dermavant disclaimed claims 1-4, 6-10, 16, 18, and 21-22. Those claims are not asserted in the present action. Each and every remaining claim of the '088 patent, including the claims asserted here, is valid and enforceable.

43. Dermavant Sciences GmbH is the owner of United States Patent No. 11,597,692, which was duly and legally issued on March 7, 2023, and is titled "Process for preparing tapinarof[.]" Each and every claim of the '692 patent is valid and enforceable. A copy of the '692 patent is attached as Exhibit 6.

44. Dermavant Sciences GmbH is the owner of United States Patent No. 11,612,573, which was duly and legally issued on March 28, 2023, and is titled "Topical pharmaceutical compositions[.]" Each and every claim of the '573 patent is valid and enforceable. A copy of the '573 patent is attached as Exhibit 7.

45. Dermavant Sciences GmbH is the owner of United States Patent No. 11,617,724, which was duly and legally issued on April 4, 2023, and is titled "Topical pharmaceutical compositions[.]" Each and every claim of the '724 patent is valid and enforceable. A copy of the '724 patent is attached as Exhibit 8.

46. Dermavant Sciences GmbH is the owner of United States Patent No. 11,622,945, which was duly and legally issued on April 11, 2023, and is titled "Topical pharmaceutical compositions[.]" Each and every claim of the '945 patent is valid and enforceable. A copy of the '945 patent is attached as Exhibit 9.

## ACTS GIVING RISE TO THIS ACTION

47. Organon is the holder of NDA No. 215272, by which the FDA granted approval for tapinarof cream, 1%. Organon markets this topical cream in the United States under the trade name VTAMA.

48. VTAMA and the use of VTAMA in accordance with its label are covered by one or more claims of the Patents-in-Suit.

49. The FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") lists the Patents-in-Suit in connection with VTAMA.

50. In its Notice Letter dated July 23, 2026, Natco Pharma notified Organon that it has submitted to the FDA Natco's ANDA seeking approval for the commercial manufacture, use, and sale of Natco's ANDA Product in the United States prior to the expiration of the Patents-in-Suit.

51. In the Notice Letter, Natco Pharma notified Organon that, as a part of Natco's ANDA, it had filed a certification under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the Patents-in-Suit, asserting that those patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Natco's ANDA Product in the United States.

52. By filing Natco's ANDA, Natco has necessarily represented to the FDA that, upon approval, Natco's ANDA Product will have the same active ingredient, method of administration, dosage form, and strength as VTAMA, and will be bioequivalent to VTAMA.

## NATCO'S ANDA

53. On information and belief, Natco is the current owner of ANDA No. 221670.

54. On information and belief, Natco's ANDA Product will infringe at least one claim of each of the Patents-in-Suit. Natco's Notice Letter purported to include an Offer of

Confidential Access ("OCA") to certain Natco confidential information regarding Natco's ANDA Product. The restrictions in Natco's purported OCA placed on access to Natco's ANDA contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states that an offer of confidential access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." Accordingly, Plaintiffs state their claims on information and belief based on FDA guidance and representations made by Natco regarding Natco's ANDA Product. On information and belief, the allegations herein will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

55. On information and belief, Natco's ANDA Product contains 1% tapinarof in combination with inactive ingredients designed to copy Plaintiffs' patented VTAMA formulation. On information and belief, Natco's ANDA Product is a topical cream made for the treatment of plaque psoriasis.

56. On information and belief, Natco has represented to the FDA that its formulation is bioequivalent to VTAMA. In order to demonstrate bioequivalence for a topical formulation, a generic typically must show that there is no significant difference in the active or inactive ingredients or in other aspects of the formulation compared to the reference listed drug such that the local or systemic availability of the active ingredient remains the same. *See* FDA Draft Guidance on Tapinarof (December 2025) at 1, https://www.accessdata.fda.gov/drugsatfda_docs/psg/PSG_215272.pdf. In addition, a company typically must show that the generic topical formulation has the same physicochemical and structural attributes of the reference listed drug. *See id.* In addition, an ANDA filer must typically show that its topical tapinarof product has "an

equivalent rate of tapinarof release[d]" as the reference listed drug. *See id.* at 2. On information and belief, in order to show bioequivalence, Natco's ANDA Product must necessarily infringe at least one claim of the Patents-in-Suit including, at least, the '160, '108, '724, and '945 patents. Consistent with Federal Rule of Civil Procedure 11(b)(3), Plaintiffs' allegations regarding bioequivalence and infringement will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, including review of Natco's ANDA.

57. On information and belief, Natco's ANDA Product will be sold with a label that is a copy of VTAMA's label except that Natco does not seek approval to market VTAMA's atopic dermatitis indication. *See* 21 CFR § 314.94(a)(8). Under FDA guidelines, generic drug labels must be the "same as" the last approved reference listed drug ("RLD") labeling minus narrow permissible differences. *See id.* By virtue of copying VTAMA's label, Natco will be expressly encouraging, promoting, and otherwise inducing others to infringe the uses and treatment methods claimed by the '743, '088, and '573 patents.

**COUNT I: INFRINGEMENT OF THE '160 PATENT**

58. Plaintiffs reallege the preceding paragraphs of the Complaint as if fully set forth herein.

59. The submission of ANDA No. 221670 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Natco's ANDA Product in or into the United States, prior to the expiration of the '160 patent, constitutes infringement of one or more claims of the '160 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

60. On information and belief, Natco's ANDA Product, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by

Natco or on its behalf, constituting direct infringement of one or more claims of the ’160 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

61. Natco has had knowledge of the ’160 patent since at least the date Natco sent Plaintiffs its Notice Letter and was aware that the submission and continued prosecution of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Natco has knowledge of the Orange Book that lists VTAMA as being protected by the ’160 patent. Moreover, Natco sent a Notice Letter to Organon dated July 23, 2026, certifying that it did not believe its ANDA Product infringed the ’160 patent.

62. On information and belief, upon approval by the FDA, Natco’s ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the ’160 patent. On information and belief, such administration will occur with Natco’s specific intent and encouragement, and will be conduct that Natco knows or should know will occur. On information and belief, Natco will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs’ rights under the ’160 patent, constituting induced infringement of one or more claims of the ’160 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

63. On information and belief, Natco’s manufacturing, use, offer for sale, sale, and/or importation of Natco’s ANDA Product, once Natco’s ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the ’160 patent, either literally or under the doctrine of equivalents. On information and belief, Natco will

sell or offer for sale a material component of the claimed composition to others who will directly infringe the ’160 patent. Also, on information and belief, Natco knows that Natco’s ANDA Product, or components thereof, is especially made or adapted for use in infringing the ’160 patent, and that Natco’s ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

64. Plaintiffs will be irreparably harmed if Natco is permitted to make, use, sell, offer to sell, and/or import Natco’s ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Natco’s ANDA be a date that is not earlier than the expiration date of the ’160 patent, or any later expiration of exclusivity for the ’160 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT II: INFRINGEMENT OF THE ’743 PATENT**

65. Plaintiffs reallege the preceding paragraphs of the Complaint as if fully set forth herein.

66. The submission of ANDA No. 221670 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Natco’s ANDA Product in or into the United States, prior to the expiration of the ’743 patent, constitutes infringement of one or more claims of the ’743 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

67. On information and belief, upon approval by the FDA, Natco’s ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct

infringement by patients and/or medical practitioners of one or more claims of the ’743 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

68. Natco has had knowledge of the ’743 patent since at least the date Natco sent Plaintiffs its Notice Letter and was aware that the submission and continued prosecution of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Natco has knowledge of the Orange Book that lists VTAMA as being protected by the ’743 patent. Moreover, Natco sent a Notice Letter to Organon dated July 23, 2026, certifying that it did not believe its ANDA Product infringed the ’743 patent.

69. On information and belief, the administration of Natco’s ANDA Product by patients and/or medical practitioners in the United States will occur with Natco’s specific intent and encouragement, and will be conduct that Natco knows or should know will occur. On information and belief, Natco will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs’ rights under the ’743 patent, constituting induced infringement of one or more claims of the ’743 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

70. On information and belief, Natco’s manufacturing, use, offer for sale, sale, and/or importation of Natco’s ANDA Product, once Natco’s ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the ’743 patent, either literally or under the doctrine of equivalents. On information and belief, Natco will sell or offer for sale a material component for use in the method claimed in the ’743 patent to medical practitioners or patients who will directly infringe the ’743 patent. Also, on information and belief, Natco knows that Natco’s ANDA Product is especially made or adapted for use in

infringing the ’743 patent, and that Natco’s ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

71. Plaintiffs will be irreparably harmed if Natco is permitted to make, use, sell, offer to sell, and/or import Natco’s ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Natco’s ANDA be a date that is not earlier than the expiration date of the ’743 patent, or any later expiration of exclusivity for the ’743 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT III: INFRINGEMENT OF THE ’649 PATENT**

72. Plaintiffs reallege the preceding paragraphs of the Complaint as if fully set forth herein.

73. The submission of ANDA No. 221670 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Natco’s ANDA Product in or into the United States, prior to the expiration of the ’649 patent, constitutes infringement of one or more claims of the ’649 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

74. On information and belief, Natco’s ANDA Product, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Natco or on its behalf, constituting direct infringement of one or more claims of the ’649 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

75. Natco has had knowledge of the ’649 patent since at least the date Natco sent Plaintiffs its Notice Letter and was aware that the submission and continued prosecution of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic

drug manufacturer, Natco has knowledge of the Orange Book that lists VTAMA as being protected by the '649 patent. Moreover, Natco sent a Notice Letter to Organon dated July 23, 2026, certifying that it did not believe its ANDA Product infringed the '649 patent.

76. On information and belief, upon approval by the FDA, Natco's ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the '649 patent. On information and belief, such administration will occur with Natco's specific intent and encouragement, and will be conduct that Natco knows or should know will occur. On information and belief, Natco will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs' rights under the '649 patent, constituting induced infringement of one or more claims of the '649 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

77. On information and belief, Natco's manufacturing, use, offer for sale, sale, and/or importation of Natco's ANDA Product, once Natco's ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the '649 patent, either literally or under the doctrine of equivalents. On information and belief, Natco will sell or offer for sale a material component of the claimed invention to others who will directly infringe the '649 patent. Also, on information and belief, Natco knows that Natco's ANDA Product, or components thereof, is especially made or adapted for use in infringing the '649 patent, and that Natco's ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

78. Plaintiffs will be irreparably harmed if Natco is permitted to make, use, sell, offer to sell, and/or import Natco's ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Natco's ANDA be a date that is not earlier than the expiration date of the '649 patent, or any later expiration of exclusivity for the '649 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT IV: INFRINGEMENT OF THE '108 PATENT**

79. Plaintiffs reallege the preceding paragraphs of the Complaint as if fully set forth herein.

80. The submission of ANDA No. 221670 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Natco's ANDA Product in or into the United States, prior to the expiration of the '108 patent, constitutes infringement of one or more claims of the '108 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

81. On information and belief, Natco's ANDA Product, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Natco or on its behalf, constituting direct infringement of one or more claims of the '108 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

82. Natco has had knowledge of the '108 patent since at least the date Natco sent Plaintiffs its Notice Letter and was aware that the submission and continued prosecution of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Natco has knowledge of the Orange Book that lists VTAMA as being

protected by the ’108 patent. Moreover, Natco sent a Notice Letter to Organon dated July 23, 2026, certifying that it did not believe its ANDA Product infringed the ’108 patent.

83. On information and belief, upon approval by the FDA, Natco’s ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the ’108 patent. On information and belief, such administration will occur with Natco’s specific intent and encouragement, and will be conduct that Natco knows or should know will occur. On information and belief, Natco will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs’ rights under the ’108 patent, constituting induced infringement of one or more claims of the ’108 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

84. On information and belief, Natco’s manufacturing, use, offer for sale, sale, and/or importation of Natco’s ANDA Product, once Natco’s ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the ’108 patent, either literally or under the doctrine of equivalents. On information and belief, Natco will sell or offer for sale a material component of the claimed composition to others who will directly infringe the ’108 patent. Also, on information and belief, Natco knows that Natco’s ANDA Product, or components thereof, is especially made or adapted for use in infringing the ’108 patent, and that Natco’s ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

85. Plaintiffs will be irreparably harmed if Natco is permitted to make, use, sell, offer to sell, and/or import Natco's ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Natco's ANDA be a date that is not earlier than the expiration date of the '108 patent, or any later expiration of exclusivity for the '108 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT V: INFRINGEMENT OF THE '088 PATENT**

86. Plaintiffs reallege the preceding paragraphs of the Complaint as if fully set forth herein.

87. The submission of ANDA No. 221670 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Natco's ANDA Product in or into the United States, prior to the expiration of the '088 patent, constitutes infringement of one or more claims of the '088 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

88. On information and belief, upon approval by the FDA, Natco's ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the '088 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

89. Natco has had knowledge of the '088 patent since at least the date Natco sent Plaintiffs its Notice Letter and was aware that the submission and continued prosecution of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Natco has knowledge of the Orange Book that lists VTAMA as being

protected by the ’088 patent. Moreover, Natco sent a Notice Letter to Organon dated July 23, 2026, certifying that it did not believe its ANDA Product infringed the ’088 patent and that the in-force claims of the ’088 patent are invalid.

90. On information and belief, upon approval by the FDA, the administration of Natco’s ANDA Product by patients and/or medical practitioners in the United States will occur with Natco’s specific intent and encouragement, and will be conduct that Natco knows or should know will occur. On information and belief, Natco will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs’ rights under the ’088 patent, constituting induced infringement of one or more claims of the ’088 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

91. On information and belief, Natco’s manufacturing, use, offer for sale, sale, and/or importation of Natco’s ANDA Product, once Natco’s ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the ’088 patent, either literally or under the doctrine of equivalents. On information and belief, Natco will sell or offer for sale a material component for use in the method of treatment claimed in the ’088 patent to medical practitioners or patients who will directly infringe the ’088 patent. Also, on information and belief, Natco knows that Natco’s ANDA Product is especially made or adapted for use in infringing the ’088 patent, and that Natco’s ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

92. Plaintiffs will be irreparably harmed if Natco is permitted to make, use, sell, offer to sell, and/or import Natco’s ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283,

including an order of this Court that the effective date of approval of Natco's ANDA be a date that is not earlier than the expiration date of the '088 patent, or any later expiration of exclusivity for the '088 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT VI: INFRINGEMENT OF THE '692 PATENT**

93. Plaintiffs reallege the preceding paragraphs of the Complaint as if fully set forth herein.

94. The submission of ANDA No. 221670 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Natco's ANDA Product in or into the United States, prior to the expiration of the '692 patent, constitutes infringement of one or more claims of the '692 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

95. On information and belief, Natco's ANDA Product, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Natco or on its behalf, constituting direct infringement of one or more claims of the '692 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

96. Natco has had knowledge of the '692 patent since at least the date Natco sent Plaintiffs its Notice Letter and was aware that the submission and continued prosecution of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Natco has knowledge of the Orange Book that lists VTAMA as being protected by the '692 patent. Moreover, Natco sent a Notice Letter to Organon dated July 23, 2026, certifying that it did not believe its ANDA Product infringed the '692 patent.

97. On information and belief, upon approval by the FDA, Natco's ANDA Product will be administered by patients and/or medical practitioners in the United States according to

the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the ’692 patent. On information and belief, such administration will occur with Natco’s specific intent and encouragement, and will be conduct that Natco knows or should know will occur. On information and belief, Natco will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs’ rights under the ’692 patent, constituting induced infringement of one or more claims of the ’692 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

98. On information and belief, Natco’s manufacturing, use, offer for sale, sale, and/or importation of Natco’s ANDA Product, once Natco’s ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the ’692 patent, either literally or under the doctrine of equivalents. On information and belief, Natco will sell or offer for sale a material component of the claimed invention to others who will directly infringe the ’692 patent. Also, on information and belief, Natco knows that Natco’s ANDA Product, or components thereof, is especially made or adapted for use in infringing the ’692 patent, and that Natco’s ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

99. Plaintiffs will be irreparably harmed if Natco is permitted to make, use, sell, offer to sell, and/or import Natco’s ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Natco’s ANDA be a date that is not earlier than the expiration date of the ’692 patent, or any later expiration of exclusivity

for the ’692 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT VII: INFRINGEMENT OF THE ’573 PATENT**

100. Plaintiffs reallege the preceding paragraphs of the Complaint as if fully set forth herein.

101. The submission of ANDA No. 221670 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Natco’s ANDA Product in or into the United States, prior to the expiration of the ’573 patent, constitutes infringement of one or more claims of the ’573 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

102. On information and belief, upon approval by the FDA, Natco’s ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the ’573 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

103. Natco has had knowledge of the ’573 since at least the date Natco sent Plaintiffs its Notice Letter and was aware that the submission and continued prosecution of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Natco has knowledge of the Orange Book that lists VTAMA as being protected by the ’573 patent. Moreover, Natco sent a Notice Letter to Organon dated July 23, 2026, certifying that it did not believe its ANDA Product infringed the ’573 patent.

104. On information and belief, the administration of Natco’s ANDA Product by patients and/or medical practitioners in the United States will occur with Natco’s specific intent and encouragement, and will be conduct that Natco knows or should know will occur. On

information and belief, Natco will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs' rights under the '573 patent, constituting induced infringement of one or more claims of the '573 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

105. On information and belief, Natco's manufacturing, use, offer for sale, sale, and/or importation of Natco's ANDA Product, once Natco's ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the '573 patent, either literally or under the doctrine of equivalents. On information and belief, Natco will sell or offer for sale a material component for use in the method claimed in the '573 patent to medical practitioners or patients who will directly infringe the '573 patent. Also, on information and belief, Natco knows that Natco's ANDA Product is especially made or adapted for use in infringing the '573 patent, and that Natco's ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

106. Plaintiffs will be irreparably harmed if Natco is permitted to make, use, sell, offer to sell, and/or import Natco's ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Natco's ANDA be a date that is not earlier than the expiration date of the '573 patent, or any later expiration of exclusivity for the '573 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT VIII: INFRINGEMENT OF THE '724 PATENT**

107. Plaintiffs reallege the preceding paragraphs of the Complaint as if fully set forth herein.

108. The submission of ANDA No. 221670 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Natco's ANDA Product in or into the United States, prior to the expiration of the '724 patent, constitutes infringement of one or more claims of the '724 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

109. On information and belief, Natco's ANDA Product, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Natco or on its behalf, constituting direct infringement of one or more claims of the '724 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

110. Natco has had knowledge of the '724 patent since at least the date Natco sent Plaintiffs its Notice Letter and was aware that the submission and continued prosecution of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Natco has knowledge of the Orange Book that lists VTAMA as being protected by the '724 patent. Moreover, Natco sent a Notice Letter to Organon dated July 23, 2026, certifying that it did not believe its ANDA Product infringed the '724 patent.

111. On information and belief, upon approval by the FDA, Natco's ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the '724 patent. On information and belief, such administration will occur with Natco's specific intent and encouragement, and will be conduct that Natco knows or should know will occur. On information and belief, Natco will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be

in contravention of Plaintiffs' rights under the '724 patent, constituting induced infringement of one or more claims of the '724 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

112. On information and belief, Natco's manufacturing, use, offer for sale, sale, and/or importation of Natco's ANDA Product, once Natco's ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the '724 patent, either literally or under the doctrine of equivalents. On information and belief, Natco will sell or offer for sale a material component of the claimed composition to others who will directly infringe the '724 patent. Also, on information and belief, Natco knows that Natco's ANDA Product, or components thereof, is especially made or adapted for use in infringing the '724 patent, and that Natco's ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

113. Plaintiffs will be irreparably harmed if Natco is permitted to make, use, sell, offer to sell, and/or import Natco's ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Natco's ANDA be a date that is not earlier than the expiration date of the '724 patent, or any later expiration of exclusivity for the '724 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT IX: INFRINGEMENT OF THE '945 PATENT**

114. Plaintiffs reallege the preceding paragraphs of the Complaint as if fully set forth herein.

115. The submission of ANDA No. 221670 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Natco's ANDA Product

in or into the United States, prior to the expiration of the ’945 patent, constitutes infringement of one or more claims of the ’945 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

116. On information and belief, Natco’s ANDA Product, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Natco or on its behalf, constituting direct infringement of one or more claims of the ’945 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

117. Natco has had knowledge of the ’945 patent since at least the date Natco sent Plaintiffs its Notice Letter and was aware that the submission and continued prosecution of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Natco has knowledge of the Orange Book that lists VTAMA as being protected by the ’945 patent. Moreover, Natco sent a Notice Letter to Organon dated July 23, 2026, certifying that it did not believe its ANDA Product infringed the ’945 patent.

118. On information and belief, upon approval by the FDA, Natco’s ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the ’945 patent. On information and belief, such administration will occur with Natco’s specific intent and encouragement, and will be conduct that Natco knows or should know will occur. On information and belief, Natco will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs’ rights under the ’945 patent, constituting induced infringement of

one or more claims of the ’945 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

119. On information and belief, Natco’s manufacturing, use, offer for sale, sale, and/or importation of Natco’s ANDA Product, once Natco’s ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the ’945 patent, either literally or under the doctrine of equivalents. On information and belief, Natco will sell or offer for sale a material component of the claimed composition to others who will directly infringe the ’945 patent. Also, on information and belief, Natco knows that Natco’s ANDA Product, or components thereof, is especially made or adapted for use in infringing the ’945 patent, and that Natco’s ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

120. Plaintiffs will be irreparably harmed if Natco is permitted to make, use, sell, offer to sell, and/or import Natco’s ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Natco’s ANDA be a date that is not earlier than the expiration date of the ’945 patent, or any later expiration of exclusivity for the ’945 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

a. A judgment under 35 U.S.C. § 271(e)(2)(A) that the submission of ANDA No. 221670, of which Natco is the current holder, infringes at least one claim of the ’160 patent by seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Natco’s ANDA Product before the expiration of the ’160 patent;

b. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Natco's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Natco's ANDA Product before the expiration of the '160 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '160 patent;

c. A judgment under 35 U.S.C. § 271(e)(2)(A) that the submission of ANDA No. 221670, of which Natco is the current holder, infringes at least one claim of the '743 patent by seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Natco's ANDA Product before the expiration of the '743 patent;

d. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Natco's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Natco's ANDA Product before the expiration of the '743 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '743 patent;

e. A judgment under 35 U.S.C. § 271(e)(2)(A) that the submission of ANDA No. 221670, of which Natco is the current holder, infringes at least one claim of the '649 patent by seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Natco's ANDA Product before the expiration of the '649 patent;

f. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Natco's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Natco's ANDA Product before the expiration of the '649 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '649 patent;

g. A judgment under 35 U.S.C. § 271(e)(2)(A) that the submission of ANDA No. 221670, of which Natco is the current holder, infringes at least one claim of the '108 patent by

seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Natco's ANDA Product before the expiration of the '108 patent;

h. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Natco's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Natco's ANDA Product before the expiration of the '108 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '108 patent;

i. A judgment under 35 U.S.C. § 271(e)(2)(A) that the submission of ANDA No. 221670, of which Natco is the current holder, infringes at least one claim of the '088 patent by seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Natco's ANDA Product before the expiration of the '088 patent;

j. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Natco's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Natco's ANDA Product before the expiration of the '088 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '088 patent;

k. A judgment under 35 U.S.C. § 271(e)(2)(A) that the submission of ANDA No. 221670, of which Natco is the current holder, infringes at least one claim of the '692 patent by seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Natco's ANDA Product before the expiration of the '692 patent;

l. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Natco's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Natco's ANDA Product before the expiration of the '692 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '692 patent;

m. A judgment under 35 U.S.C. § 271(e)(2)(A) that the submission of ANDA No. 221670, of which Natco is the current holder, infringes at least one claim of the ’573 patent by seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Natco’s ANDA Product before the expiration of the ’573 patent;

n. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Natco’s commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Natco’s ANDA Product before the expiration of the ’573 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the ’573 patent;

o. A judgment under 35 U.S.C. § 271(e)(2)(A) that the submission of ANDA No. 221670, of which Natco is the current holder, infringes at least one claim of the ’724 patent by seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Natco’s ANDA Product before the expiration of the ’724 patent;

p. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Natco’s commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Natco’s ANDA Product before the expiration of the ’724 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the ’724 patent;

q. A judgment under 35 U.S.C. § 271(e)(2)(A) that the submission of ANDA No. 221670, of which Natco is the current holder, infringes at least one claim of the ’945 patent by seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Natco’s ANDA Product before the expiration of the ’945 patent;

r. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Natco’s commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of

Natco's ANDA Product before the expiration of the '945 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '945 patent;

s. The entry of a permanent and/or preliminary injunction enjoining Natco, and its affiliates and subsidiaries, and each of its officers, agents, servants, and employees, from making, having made, using, offering to sell, selling, marketing, distributing, and importing in or into the United States Natco's ANDA Product, or any product that infringes the Patents-in-Suit, or inducing or contributing to the infringement of the claims of the Patents-in-Suit until after the latest expiration date of the Patents-in-Suit, including any extension and/or additional periods of exclusivity to which Plaintiffs are or become entitled, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

t. The entry of a permanent and/or preliminary injunction enjoining Natco, and its affiliates and subsidiaries, and each of its officers, agents, servants, and employees, from seeking, obtaining, or maintaining approval of Natco's ANDA until the expiration of the Patents-in-Suit, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

u. The entry of an Order that the effective date of any approval of the drug involved in the infringement to be a date which is not earlier than the date of the latest expiration of the Patents-in-Suit which have been infringed, in accordance with 35 U.S.C. § 271(e)(4)(A);

v. Damages or other monetary relief to Plaintiffs if Natco engages in commercial manufacture, use, offers to sell, sale, and/or importation in or into the United States of Natco's ANDA Product prior to the expiration of the latest expiration date of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

w. A finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiffs their attorney's fees incurred in this action; and

x. An Order awarding Plaintiffs their costs and expenses of court; and

y. Such further relief as this Court deems proper and just.

Dated: September 8, 2026

Respectfully Submitted,

*/s/ Charles H. Chevalier*
Charles H. Chevalier
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4611
cchevalier@fbtgibbons.com

*Of Counsel*:
Paul A. Ainsworth (*pro hac vice forthcoming*)
Dennies Varughese, Pharm.D.
Deborah Sterling (*pro hac vice forthcoming*)
Josephine Kim (*pro hac vice forthcoming*)
**STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.**
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600
painsworth@sternekessler.com
dvarughese@sternekessler.com
dsterling@sternekessler.com
joskim@sternekessler.com

*Attorneys for Plaintiffs*